IN THE SUPREME COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

EDWARD A. CABRERA, ) APPEAL NO. 90-046
 ) CIVIL ACTION NO. 89-143
 Plaintiff/Appellant, )
 )
 vs. ) OPINION
 )
MARIA A. CABRERA, ET AL., )
 )
 Defendants/Appellees. )
_____)

Argued and Submitted March 6, 1991

Counsel for Plaintiff/Appellant: Miguel S. Demapan
 DEMAPAN & ATALIG
 P.O. Box 1638
 Saipan, MP 96950

Counsel for Defendants/Appellees: Charles K. Novo-Gradac
 WHITE, NOVO-GRADAC & MANGLONA
 P.O. Box 222 CHRB
 Saipan, MP 96950

BEFORE: DELA CRUZ, Chief Justice, VILLAGOMEZ and BORJA, Justices.

DELA CRUZ, Chief Justice:

 Edward A. Cabrera appeals the dismissal of his quiet title action, pursuant to Rule 41(b), Com.R.Civ.P., after he had rested his case in chief. The sole issue raised for our review is whether

2

the trial court erred in granting the involuntary dismissal on the basis that there was no delivery to Cabrera of the document executed by the grantors, Manuel F. Aldan and his wife Cecilia, which document purported to convey a certain parcel of land to Cabrera.

## I.

Cabrera's grandfather, Manuel F. Aldan, owned Lot A.H. 248. In 1968, while Aldan was still alive, he and his wife Cecilia executed a document titled "Documenton Pot Gualo" by which they intended to convey to Cabrera, then a minor, two hectares of the property encompassed by Lot A.H. 248.

Aldan died in 1971. His wife Cecilia passed away the following year.

On February 6, 1989, Cabrera filed suit to quiet title to the entire parcel (54,128 square meters) covered by Lot No. A.H. 248. He sued the four children of Manuel and Cecilia Aldan: Maria A. Cabrera (the plaintiff's mother), Antonio C. Aldan, Consolacion A. Reyes, and Josepha A. Field. The sole basis through which Cabrera claimed ownership is the Documenton Pot Gualo.

In his answer to an interrogatory (No. 21), Cabrera stated that he is "only claiming an interest on the Hectares (sic) as per Documenton Pot Gualo." The document, in turn, clearly show that Manuel and his wife Cecilia intended to convey only two (2) hectares, not the entire parcel.

Defendant Fields' answer alleged the affirmative defenses of (1) failure to state a claim upon which relief can be granted and

3

(2) the instrument at issue was forged and, therefore, invalid.

The case proceeded to trial. After plaintiff rested his case in chief, the defense moved to dismiss for failure of plaintiff to prove that there was delivery of the Documenton Pot Gualo to Cabrera.

The trial court, in granting the motion to dismiss, stated:

> Although there is testimony to support an intention of Manuel Aldan to give the plaintiff some property, there is no evidence of any delivery of the document to the plaintiff. Without delivery, actual or constructive, there is no gift. Mesa v. Manglona, 3 CR 914, 923.

The issue of whether there has been delivery of a deed of conveyance is a mixed question of law and fact which we review de novo. Castro v. Castro, No. 89-020 (N.M.I. Oct. 22, 1991).

## II.

We begin our analysis by noting that plaintiff's action rests entirely on the Documenton Pot Gualo.[1] His action to quiet title is not based on an oral conveyance of land or a partida made while Manuel and his wife Cecilia were alive. Neither does he claim

---

[1] The dissent hinges on its view that this document is "more of an affirmation of a [oral] gift rather than a deed." Infra, at 8. Cabrera's claim of ownership, however, is based on this document being a deed. Most telling is Cabrera's own opening brief stating: "On March 11, 1968, Manuel F. Aldan and Cecilia C. Aldan executed a Documenton Pot Gualo conveying 2 hectares of their property east of the village of Chalan Kanoa to Edward A. Cabrera." (Emphasis added). Appellant's opening brief, at 4. Never did Cabrera claim ownership through a previous oral inter vivos transfer.

4

ownership based on a will or other testamentary instrument.

Since his claim of ownership is based on a written instrument purporting to be a deed, we agree with the trial court that even if the instrument executed by Manuel and Cecilia Aldan was one intended to convey to the plaintiff a portion of Lot No. A.H. 248, the evidence presented during the plaintiff's case in chief fails to show that the document was ever delivered to Cabrera.

Since Cabrera asserts ownership of the land by gift, he must prove (1) a donative intent, (2) delivery, and (3) acceptance. Almaeda v. Almaeda, 669 P.2d 174 (Haw. 1983). The only issue on appeal is whether Cabrera proved the second essential element of a gift, i.e. delivery. That is his burden to prove.

The trial court was correct in concluding that "[w]ithout delivery, actual or constructive, there is no gift." The testimony and other evidence elicited during the plaintiff's case in chief reveal no actual delivery of the Documenton Pot Gualo to Cabrera. As to whether there was constructive delivery of the instrument to Cabrera, we agree with the trial court that the plaintiff also failed to carry his burden of showing that there was constructive delivery instead.

Cabrera argues that his case is not like Mesa v. Manglona, 3 CR 916 (CTC, 1989), where the grantor never parted with the deed and where the deed was found in the grantor's private papers after his death. He contends that his case is akin to Parker v. Salmons, 28 SE 681 (1897), where the court found constructive delivery.

5

<u>Parker</u> involved a situation where the grandfather delivered a deed of gift to the father of the grantee, a female minor. The court found that the delivery to and possession of the deed by the child's father constituted constructive delivery to the child.

We would agree with Cabrera that if the evidence is like <u>Parker</u>, there would be constructive delivery. A review of the trial record, however, fails to support a finding that there was constructive delivery of the deed at issue to Cabrera's mother, Maria, or to any other person. The evidence clearly show that although Manuel and Cecilia Aldan executed the Documenton Pot Gualo before their death, neither of them ever physically delivered it to Cabrera, his mother Maria, or anyone else.

The testimony of Cabrera's sister, Regina, does not support a finding of constructive delivery. Regina testified that on the day her grandmother Cecilia died, the two of them had gone to Cecilia's abandoned house in Chalan Kanoa. Cecilia was looking for the document, had found it inside a manila envelope, and had taken it with her to Regina's parent's house where Cecilia was then staying. Cecilia had her own room with a bed and a desk. Cecilia put the manila envelope containing the document in her desk. She never delivered, before she died the same day, the document to either Cabrera, his mother Maria, or his sister Regina. There was, therefore, no constructive delivery.

Had Cecilia given the document to Edward's mother or otherwise parted with it, we may be persuaded that there was constructive

6

delivery. Had that been the case, Cabrera would have met his burden as to this particular element of a gift, and the Rule 41(b) dismissal would be erroneous. But such did not happen. The Parker case is inapposite. This case instead is quite similar to the facts in Mesa, supra.

We have previously ruled:

> A dismissal [based on Rule 41(b)] involves a determination of the merits, rather than an exercise of discretion by the trial court. The usual standards applicable to review of a judgment on the merits in a nonjury case are controlling. The conclusions of law re freely reviewable, although the findings of fact of the trial court cannot be set aside unless they are clearly erroneous.

Castro v. Castro, Appeal No. 89-020 (N.M.I. Oct. 22, 1991), citing 9 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2376 (1971). Further,

> "The court may grant the motion for an involuntary dismissal if, from the record as it stands at the end of the plaintiff's case, the court is convinced that the plaintiff has not established his case by a preponderance of the evidence."

Castro, supra, at 4, citing 27 Fed.Proc., L.Ed. Pleadings and Motions § 62:519 (1984).

As a reviewing court, we do not reweigh the evidence. Such is a trial court function. Nor will we set aside a trial court's factual finding, or reasonable inferences drawn therefrom, unless we are firmly convinced after reviewing the entire record that a mistake was clearly committed below. In re Estate of Rofaq, No.

7

89-019 (N.M.I. Feb. 22, 1991).

Cabrera has failed to convince us that the trial court was clearly erroneous in finding and concluding that there was no delivery of the Documenton Pot Gualo, actual or constructive. The failure to deliver the document was fatal to the effectiveness of the grant.

While the intent of Manuel and Cecilia to give Edward two (2) hectares of Lot No. A.H. 248 is quite clear, it is unfortunate that their intent to convey did not materialize because of their failure to make a delivery, actual or constructive, of the document. We accordingly hold that the Rule 41(b) dismissal was not erroneous, and the same is hereby **AFFIRMED**.

Dated this _2 0 th._ day of February, 1992.

_____
JOSE S. DELA CRUZ, Chief Justice

_____
JESUS C. BORJA, Associate Justice

VILLAGOMEZ, Justice (Dissenting):

I respectfully dissent based on three factors. My dissent is not based on any single factor, but upon the combination of all.

First, it is clear that both Manuel F. Aldan and his wife, Cecilia, decided to give two hectares of their land to their grandson, Edward A. Cabrera. We have previously ruled "that the intent of the father on the distribution of his land is to be effectuated, respected, and not to be disregarded." In re Estate of Cabrera, No. 90-044 (N.M.I. July 31, 1991). We further stated that "it is exactly the wishes and intent of the decedent which forms the basis for intestate distribution under Chamorro custom which, in the absence of statute, is the law." In re Estate of Cabrera, supra.

Second, there is evidence that Aldan took Edward to the land, showed him the land and said, "Boy, this is your land right here, from this point to that point." TR at 43. That testimony raises the issue of whether an oral transfer or oral gift was made by Aldan to Edward at the time when he pointed to the land and told him that was his land.

Third, the Chamorro document executed in 1968 by Manuel F. Aldan and his wife, Cecilia, and witnessed by former judge Ignacio V. Benavente, is not a deed. Its content is more of an affirmation of a gift rather than a deed. The English translation of the document is as follows:

DOCUMENT ABOUT LAND

I am Manuel F. Aldan and my wife Cecilia C. Aldan, we have a farm east of the Chalan Kanoa Village, the size of

9

this farm more or less about ten (10) hectares is the size of this farm. Therefore, it is from our concurrence, the two spouses, that we gave Edward Aldan Cabrera within the size of this farm, two (2) hectares, from the south boundary to the north as is required based on its size. Therefore, his neighbors will be on the south, Vicente San Nicolas Sablan; on the west, government; east, Felipe C. Aldan; on the north, Manuel F. Aldan.

Therefore, so that this document would be valid anywhere, my wife and I signed it.[1]

The definition of a deed is "a written instrument signed, and delivered, by which one person conveys land, tenements, or hereditaments to another." Black's Law Dictionary, 373 (5th ed. 1979). The document which is referred to by the trial court as a "deed" does not itself transfer the land to Edward but states that the land had been given to Edward. The operative language is "Poes ginen i enaconfotman mame na dos umasagua na ennae si EDWARD ALDAN CABRERA . . . ." (Emphasis added) The word "ennae" is a past tense which means, to the best of my understanding, "we gave." The present tense form would be "ennanae" and the future tense would be "bai ennae" or "para bai ennae."

At the time that Manuel F. Aldan took Edward to his land and showed him what land was his, there was no statute of frauds in the CNMI and a transfer of land could be effected orally.

Based on the above, it is my opinion that this matter should

---

[1] This translation is made by myself for purposes of this opinion. Although my preference is for this document to be translated at or before trial and have the translation accepted by the trial court, that was not done.

10

be reversed and remanded with instruction for the trial court to determine whether Aldan made an oral gift/conveyance to Edward and whether plaintiff could amend its complaint in order to conform to the evidence.[2]

RAMON G. VILLAGOMEZ, Associate Justice

---

[2] See Rule 15(b), Comm.R.Civ.P. and 6A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 1491 et seq. (1990).